PER CURIAM.
This is an appeal from a final judgment of the Court of Record for Broward County, Florida. The plaintiffs below are the trustees of an insurance trust set up under F.S. § 440.57, F.S.A. The corporate defendants, the appellants here, as members of the fund, became parties to the trust agreement which governed the management of the fund.
The trustees sued the defendants for monies allegedly due under the trust agreement. The trial court, sitting without a jury, found that defendants owed plaintiffs certain assessments under the terms of said agreement. The issue here is the sufficiency of the evidence to support this finding and the judgment based thereon.
The basis of the asserted liability was the trust agreement. We have reviewed the entire record on appeal and nowhere do we find in evidence a duly authenticated copy of the trust agreement. Additionally, we find no competent substantial evidence that any assessment was *842 made by the trustees against the corporate defendants in accordance with the terms of the trust agreement. It is true that there is in evidence two invoices from the Florida Industrial Commission which purport to charge certain assessments against defendants. These invoices were admitted over objection without any testimonial explanation or authentication whatsoever. Hence they are not competent substantial evidence of anything.
The judgment to the extent it awards damages against appellants is reversed. To the extent it favors Defendant-Paul Summers, the judgment is not contested and to that extent is affirmed. On remand, the trial court is directed to enter a final judgment for the appellants and tax costs as may be authorized by law.
Affirmed in part. Reversed in part.
REED, C. J., OWEN, J., and SILVER-TOOTH, LYNN N., Associate Judge, concur.